(37 Misc. Rep. 92.)

PEOPLE ex rel. GAIGNAT v. SUPERINTENDENT OF NEW YORK
STATE REFORMATORY FOR WOMEN.

(Supreme Court, Special Term, New York County. January, 1902.)

1. FREQUENTING DISORDERLY HOUSE—PUNISHMENT.
A city magistrate has jurisdiction of a charge against a girl, 19 years of age, of associating with vicious characters in a house of prostitution, and, after conviction of the offense, may commit her, under Consol. Act, § 1466, and Laws 1899, c. 632, to the New York state reformatory for women at Bedford.

2. HABEAS CORPUS—REVIEW.
A conviction before a magistrate who had jurisdiction of the charge and authority to impose a sentence will not be reviewed under writ of habeas corpus.

Application by the People, on the relation of Pauline E. Gaignat, for a writ of habeas corpus and certiorari against the superintendent of the New York state reformatory for women. Writ dismissed.

Cornell & Hanrehan, for relator.
Henry G. Gray, Asst. Dist. Atty., for respondent.

GILDERSLEEVE, J. These are writs of habeas corpus and certiorari. The relator, Pauline E. Gaignat, a French girl of about 19 years of age, was charged with being found in a reputed house of prostitution, associating with vicious and dissolute persons, and being in danger of becoming morally depraved, and she was committed by a city magistrate to the reformatory for women at Bedford, in this state, in accordance with the provisions of section 1466 of the consolidation act and chapter 632 of the Laws of 1899. The rule is well settled that, under writs of habeas corpus and certiorari, this court will not review the conviction by a magistrate, where he had jurisdiction of the charge and authority to impose the sentence.

The counsel for the relator urges that the magistrate was without jurisdiction because there is no evidence that the house referred to in the complaint was a house of prostitution.   There is no merit in this contention.   According to the sworn confession of the relator herself, she was placed in the house No. 111 West Fortieth street by one Paul D'Oligny, or Aligny, and she there had sexual intercourse with four different men on an average daily, and that she gave "the fruits of her shame" to the said Paul D'Oligny, or Aligny, who came daily to the house to receive the money thus earned by the relator.   I am of the opinion that the magistrate had jurisdiction of the charge and authority to impose the sentence, and this court will not interfere with his decision.

The learned assistant district attorney raises some points as to the regularity of the practice pursued by the counsel for the relator, but it is unnecessary to discuss them, in view of the conclusion at which I have arrived, as above indicated.

Writs dismissed, and prisoner remanded.